UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ACADIA INSURANCE COMPANY, as Subrogee of St. Paul Street, LLC<br>1 Acadia Commons<br>Westbrook, ME 04908<br><br>Plaintiff<br>v.<br><br>NER CONSTRUCTION MGMT., INC.<br>867 Woburn Street<br>Wilmington, MA 01887 | CIVIL ACTION NO.<br><br>04 1255? WGY<br><br>MAGISTRATE JUDGE Alexander<br><br>**JURY TRIAL DEMANDED** |

04 12557 WGY

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED YES
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. ___
DATE 12/7/04

**COMPLAINT**

Plaintiff, Acadia Insurance Company, as Subrogee of St. Paul Street, LLC, by and through its attorneys, upon information and belief, hereby alleges the following:

**PARTIES**

1. Plaintiff, Acadia Insurance Company (hereinafter "Acadia"), is a Maine Corporation, with its principal place of business located at 1 Acadia Commons, Westbrook, Maine, and at all times material hereto was authorized to issue insurance policies in the Commonwealth of Massachusetts.

2. At all times material hereto, Acadia insured St. Paul Street, LLC (hereinafter "St. Paul Street"), for its real and business property located on St. Paul Street in Brookline, Massachusetts.

3. Defendant, NER Construction Mgmt., Inc. (hereinafter "NER"), is a Massachusetts Corporation, with a principal place of business located at 867 Woburn Street in Wilmington, Massachusetts, and at all times material hereto, was engaged in the business of roofing contracting and construction management.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court because plaintiff and defendant are citizens of different states and the amount in controversy, exclusive of costs and interest, exceeds the sum of $75,000.00.

5. Venue is properly laid in this judicial district because the incident giving rise to this lawsuit occurred in this district.

## FACTUAL ALLEGATIONS

6. At all times material hereto, St. Paul Street owned the real property and was constructing condominiums on St. Paul Street in Brookline, Massachusetts (hereinafter "the Property").

7. Prior to January 31, 2004, St. Paul Street contracted with defendant NER to do all of the roofing work at the Property.

8. Defendant NER stored flammable solvents and roofing materials in the basement of one of the condominiums at the Property.

9. Defendant NER did not have a permit to store these flammable materials as was required by various state and local codes.

10. On or about January 31, 2004, while construction was still ongoing, a fire erupted in the basement of the one of the condominiums on the Property (hereinafter "the Fire").

11. The cause of the Fire is unknown.

12. The Fire ignited flammable materials which were being stored by defendant NER in the basement and quickly spread throughout the Property. The presence of these flammable materials permitted the fire to spread uncontrolled to other areas of the Property.

13. Pursuant to the terms of the insurance policy, plaintiff Acadia paid out an amount in excess of Seventy Five Thousand Dollars ($75,000.00) to reimburse St. Paul Street for the

damage to the Property and also for business losses resulting from the delay in completing the Property due to the Fire.

14. In accordance with the common law principles of legal and equitable subrogation, Acadia is subrogated to the rights of its insured, St. Paul Street, with respect to the damages compensable under the policy.

## COUNT I:   NEGLIGENCE

15. Plaintiff incorporates the previous allegations by reference as though fully set forth herein at length.

16. The fire spread and the resulting damages to the Property were caused by the negligence, carelessness, recklessness and/or gross negligence of defendant NER, its agents, servants and/or employees acting within the course and scope of their employment or agency, in:

   (a) causing and/or permitting the Fire to spread;

   (b) permitting and allowing an unsafe, dangerous and hazardous accumulation of flammable and/or combustible materials;

   (c) failing to obtain proper permits for the storage of flammable and/or combustible materials;

   (d) failing to store flammable and/or combustible materials in proper storage facility;

   (e) failing to provide and observe adequate safety rules and regulations on the job site;

   (f) failing to properly educate, warn and advise employees of the fire hazard presented by the improper use and/or storage of the flammable and/or combustible materials being stored at the Property;

   (g) disregarding explicit warnings on product containers regarding the hazards presented by the improper use and/or storage of the flammable and/or combustible materials;

   (h) failing to take proper and adequate precautions to protect the Property from fire or the hazards of a fire;

3

(i) failing to maintain and store its supplies in a safe and proper condition to avoid an unreasonable risk of a fire;

(j) storing and maintaining combustible materials in violation of applicable codes, statutes and/or ordinances; and

(k) such other and further negligent acts or omissions which may be revealed during the discovery process.

17. As a direct and proximate result of the aforesaid negligence, carelessness and/or negligent acts and/or omissions of defendant NER, the Fire spread throughout the Property and resulted in substantial damages to plaintiff's insured.

WHEREFORE, plaintiff, Acadia Insurance Company, as Subrogee of St. Paul Street, LLC, demands judgment in its favor and against defendant, NER Construction Mgmt, Inc., in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) together with interest and costs of this action.

## COUNT II:   BREACH OF WARRANTIES

18. Plaintiff incorporates the previous allegations by reference as though fully set forth herein at length.

18. The fire spread and resulting damage and destruction to the Property was caused by and resulted from the breach by NER, by and through its agents, servants, subagents, representatives, workman and/or employees, acting within the course and scope of their employment, of express and implied warranties to perform the aforementioned work in a professional and workmanlike manner by failing to properly store and maintain its flammable and/or combustible supplies in a safe and proper manner and in a manner which would be fit and expected of contractors in NER's area of expertise.

19. As a direct and proximate result of NER's conduct in breaching the aforesaid express and/or implied warranties, plaintiff's insured suffered substantial damage.

WHEREFORE, plaintiff, Acadia Insurance Company, as Subrogee of St. Paul Street, LLC, demands judgment in its favor and against defendant, NER Construction Mgmt, Inc., in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) together with interest and costs of this action.

**Plaintiff demands a trial by jury as to all counts of this Complaint.**

Respectfully submitted,

Patrick J. Loftus, III, Esquire
9 Park Street, Suite 500
Boston, MA 02108
617-723-7770

Co-Counsel
Robert M. Caplan, Esquire
Daniel J. Luccaro, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
(215) 665-2000
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) ACADIA INS. COMP. V. NER CONSTRUCTION MGMT, INC.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___ II.  195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730,
            740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

   _X_ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)). N/A

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT? N/A

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? N/A
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403) _____

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284? N/A

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)). YES ___ ✓ ___ OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)). YES _____

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT? YES ___ No ___ (a) ___ IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? Boston

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION ___ N/A ___ OR WESTERN SECTION _____

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  PATRICK T. LOFTUS, III
ADDRESS 9 PARK STREET, SUITE 500  BOSTON, MA 02108
TELEPHONE NO. 617-723-7770

(Category.frm - 09/92)

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**
ACADIA INSURANCE COMPANY a/s/o
ST. PAUL STREET, LLC

**DEFENDANTS**
NER CONSTRUCTION MGMT., INC.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
PATRICK J. LOFTUS, III
9 PARK ST. SUITE 500
BOSTON, MA 02108
617-723-7770

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only) (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 USC 1332(a)(1)

**V. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY)

CONTRACT:
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

REAL PROPERTY:
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

TORTS - PERSONAL INJURY:
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

CIVIL RIGHTS:
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

PERSONAL INJURY:
☐ 362 Personal Injury—Med Malpractice
☐ 365 Personal Injury—Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY:
☐ 370 Other Fraud
☐ 371 Truth in Lending
☒ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

PRISONER PETITIONS:
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Other

FORFEITURE/PENALTY:
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

LABOR:
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

BANKRUPTCY:
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

PROPERTY RIGHTS:
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

SOCIAL SECURITY:
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

FEDERAL TAX SUITS:
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

OTHER STATUTES:
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

**VI. ORIGIN** (PLACE AN x IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ _____

Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE _____
SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT