UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ACADIA INSURANCE COMPANY, as Subrogee of St. Paul Street, LLC : : : Plaintiff : v. : : NER CONSTRUCTION MGMT., INC. : : Defendant : | CIVIL ACTION NO. 04-12557-WGY |

## MOTION FOR DEFAULT JUDGMENT

Plaintiff, Acadia Insurance Company ("Acadia"), as subrogee of St. Paul Street, LLC, moves the Court for a Default Judgment against NER Construction Mgmt., Inc., and in support thereof states the following:

1.  Plaintiff filed its complaint on December 7, 2004 (See Exhibit "A") and served defendant on December 10, 2004 (See Exhibit "B").

2.  The time within which the defendant may answer or otherwise move with respect to the Complaint herein has expired.

3.  Defendant has not answered or otherwise moved with respect to the Complaint, and the time for the defendant to do so has not been extended.

4.  Defendant is not an infant or incompetent.

5.  Defendant is not presently in the military service of the United States based on the facts set forth in the Affidavit of Service signed by Russell Castagna, Constable. (See Exhibit "B").

6.  The Clerk of Court entered a Notice of Default on March 9, 2005. (See Exhibit "C").

7.  Plaintiff did not move for Default Judgment against defendant immediately upon the Notice of Default for the reasons set forth in the Affidavit of Patrick J. Loftus, III, Esquire Showing Cause for Not Filing a Default Motion. (See Exhibit "D").

8.  On June 10, 2005, the Court entered an Order allowing plaintiff to file a Motion for Default Judgment.

9.  The defendant is indebted to the plaintiff in the following manner:

    (a)  Prior to January 31, 2004, plaintiff's insured, St. Paul Street, LLC, contracted with defendant NER Construction Management, Inc. (hereinafter "NER") to do roofing work on a condominium construction project on St. Paul Street in Brookline, Massachusetts.

    (b)  Defendant NER stored flammable solvents and roofing materials in the basement of one of the condominiums without the required permits.

    (c)  On or about January 31, 2004, a fire erupted in the basement of the condominium unit and spread throughout the other units. The cause of the fire is unknown but the fire was accelerated and allowed to spread due to the ignition of the illegally stored flammable materials.

    (d)  As a direct and proximate result of the aforementioned fire, plaintiff's insured's property and business was severely damaged and destroyed.

    (d)  As a direct and proximate result of the aforementioned fire, to date, Acadia paid its insured, St. Paul Street, LLC, $999,704.64 to repair and replace its damaged property and for lost sales. (See Exhibit "E").

(e)   St. Paul Street is subrogated to St. Paul Street, LLC's right to recover from NER to the extent of this payment.

(f)   The adjustment of this claim is still ongoing and Acadia expects to pay additional money to its insured in connection with this event. Plaintiff reserves the right to reopen and amend this Judgment to reflect any additional payments made to its insured.

WHEREFORE, plaintiff, Acadia Insurance Company, as Subrogee of St. Paul Street, LLC, respectfully demands that the default of defendant NER Construction Management, LLC, be noted and that Judgment be entered in favor of plaintiff and against defendant in the amount of $999,704.64, plus appropriate interest and costs.

Dated: 6/28, 2005

Respectfully submitted,

_____
Patrick J. Loftus, III, Esquire
9 Park Street, Suite 500
Boston, MA  02108
617-723-7770

Co-Counsel
Robert M. Caplan, Esquire
Daniel J. Luccaro, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, PA  19103
(215) 665-2000
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

ACADIA INSURANCE COMPANY, as
Subrogee of St. Paul Street, LLC
1 Acadia Commons
Westbrook, ME 04908

      Plaintiff

v.

NER CONSTRUCTION MGMT., INC.
867 Woburn Street
Wilmington, MA 01887

---

04 1255 WGY

CIVIL ACTION NO.

MAGISTRATE JUDGE Alexander

**JURY TRIAL DEMANDED**

RECEIPT # 60782
AMOUNT $150
SUMMONS ISSUED YES
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. TOM
DATE 12/7/04

## COMPLAINT

Plaintiff, Acadia Insurance Company, as Subrogee of St. Paul Street, LLC, by and through its attorneys, upon information and belief, hereby alleges the following:

### PARTIES

1. Plaintiff, Acadia Insurance Company (hereinafter "Acadia"), is a Maine Corporation, with its principal place of business located at 1 Acadia Commons, Westbrook, Maine, and at all times material hereto was authorized to issue insurance policies in the Commonwealth of Massachusetts.

2. At all times material hereto, Acadia insured St. Paul Street, LLC (hereinafter "St. Paul Street"), for its real and business property located on St. Paul Street in Brookline, Massachusetts.

3. Defendant, NER Construction Mgmt., Inc. (hereinafter "NER"), is a Massachusetts Corporation, with a principal place of business located at 867 Woburn Street in Wilmington, Massachusetts, and at all times material hereto, was engaged in the business of roofing contracting and construction management.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court because plaintiff and defendant are citizens of different states and the amount in controversy, exclusive of costs and interest, exceeds the sum of $75,000.00.

5. Venue is properly laid in this judicial district because the incident giving rise to this lawsuit occurred in this district.

## FACTUAL ALLEGATIONS

6. At all times material hereto, St. Paul Street owned the real property and was constructing condominiums on St. Paul Street in Brookline, Massachusetts (hereinafter "the Property").

7. Prior to January 31, 2004, St. Paul Street contracted with defendant NER to do all of the roofing work at the Property.

8. Defendant NER stored flammable solvents and roofing materials in the basement of one of the condominiums at the Property.

9. Defendant NER did not have a permit to store these flammable materials as was required by various state and local codes.

10. On or about January 31, 2004, while construction was still ongoing, a fire erupted in the basement of the one of the condominiums on the Property (hereinafter "the Fire").

11. The cause of the Fire is unknown.

12. The Fire ignited flammable materials which were being stored by defendant NER in the basement and quickly spread throughout the Property. The presence of these flammable materials permitted the fire to spread uncontrolled to other areas of the Property.

13. Pursuant to the terms of the insurance policy, plaintiff Acadia paid out an amount in excess of Seventy Five Thousand Dollars ($75,000.00) to reimburse St. Paul Street for the

2

damage to the Property and also for business losses resulting from the delay in completing the Property due to the Fire.

14. In accordance with the common law principles of legal and equitable subrogation, Acadia is subrogated to the rights of its insured, St. Paul Street, with respect to the damages compensable under the policy.

## COUNT I:  NEGLIGENCE

15. Plaintiff incorporates the previous allegations by reference as though fully set forth herein at length.

16. The fire spread and the resulting damages to the Property were caused by the negligence, carelessness, recklessness and/or gross negligence of defendant NER, its agents, servants and/or employees acting within the course and scope of their employment or agency, in:

   (a) causing and/or permitting the Fire to spread;

   (b) permitting and allowing an unsafe, dangerous and hazardous accumulation of flammable and/or combustible materials;

   (c) failing to obtain proper permits for the storage of flammable and/or combustible materials;

   (d) failing to store flammable and/or combustible materials in proper storage facility;

   (e) failing to provide and observe adequate safety rules and regulations on the job site;

   (f) failing to properly educate, warn and advise employees of the fire hazard presented by the improper use and/or storage of the flammable and/or combustible materials being stored at the Property;

   (g) disregarding explicit warnings on product containers regarding the hazards presented by the improper use and/or storage of the flammable and/or combustible materials;

   (h) failing to take proper and adequate precautions to protect the Property from fire or the hazards of a fire;

      (i) failing to maintain and store its supplies in a safe and proper condition to avoid an unreasonable risk of a fire;

      (j) storing and maintaining combustible materials in violation of applicable codes, statutes and/or ordinances; and

      (k) such other and further negligent acts or omissions which may be revealed during the discovery process.

17. As a direct and proximate result of the aforesaid negligence, carelessness and/or negligent acts and/or omissions of defendant NER, the Fire spread throughout the Property and resulted in substantial damages to plaintiff's insured.

WHEREFORE, plaintiff, Acadia Insurance Company, as Subrogee of St. Paul Street, LLC, demands judgment in its favor and against defendant, NER Construction Mgmt, Inc., in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) together with interest and costs of this action.

## COUNT II:  BREACH OF WARRANTIES

18. Plaintiff incorporates the previous allegations by reference as though fully set forth herein at length.

18. The fire spread and resulting damage and destruction to the Property was caused by and resulted from the breach by NER, by and through its agents, servants, subagents, representatives, workman and/or employees, acting within the course and scope of their employment, of express and implied warranties to perform the aforementioned work in a professional and workmanlike manner by failing to properly store and maintain its flammable and/or combustible supplies in a safe and proper manner and in a manner which would be fit and expected of contractors in NER's area of expertise.

19. As a direct and proximate result of NER's conduct in breaching the aforesaid express and/or implied warranties, plaintiff's insured suffered substantial damage.

4

WHEREFORE, plaintiff, Acadia Insurance Company, as Subrogee of St. Paul Street, LLC, demands judgment in its favor and against defendant, NER Construction Mgmt, Inc., in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) together with interest and costs of this action.

**Plaintiff demands a trial by jury as to all counts of this Complaint.**

Respectfully submitted,

*/s/ Patrick J. Loftus, III*
Patrick J. Loftus, III, Esquire
9 Park Street, Suite 500
Boston, MA 02108
617-723-7770

Co-Counsel
Robert M. Caplan, Esquire
Daniel J. Luccaro, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
(215) 665-2000
Attorneys for Plaintiff

5

≈AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

ACADIA INSURANCE COMPANY a/c/o
St. PAUL STREET, LLC

**SUMMONS IN A CIVIL ACTION**

V.

NER CONSTRUCTION MGMT. INC.

CASE NUMBER: 4-12557 WGY

TO: (Name and address of Defendant)

NER Construction Mgmt., Inc.
847 Woburn Street
Wilmington, MA 01887

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF'S ATTORNEY (name and address)

LAW OFFICE OF
PATRICK J. LOFTUS, III
9 PARK STREET, SUITE 500
BOSTON, MA 02108
(617) 723-7770

an answer to the complaint which is served on you with this summons, within _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

TONI ANASTAS
CLERK

DEC 7 2004
DATE

(By) DEPUTY CLERK

≈AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me(1) | DATE 12-10-04 |
| NAME OF SERVER (PRINT) Russell Castagna | TITLE Constable |

*Check one box below to indicate appropriate method of service*

☒ Served personally upon the defendant. Place where served: 867 Woburn St. Wilmington, MA accepted by Mr. Brian Neville, CEO

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL $40.00 | SERVICES | TOTAL $40.00 |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  12-10-04
Date

Signature of Server

77 L St. Boston, MA 02127
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ACADIA INS.
               Plaintiff               CIVIL ACTION

V.                                  NO. 04-12557-WGY

NER CONSTRUCTION MGMNT.
               Defendant

## NOTICE OF DEFAULT

Upon application of the Plaintiff, ACADIA INSURANCE for an order of Default for failure of the Defendant, NER CONSTRUCTION MGMNT. to plead or otherwise defend as provided by Rule 55(a) of the Federal Rules of Civil Procedure, notice is hereby given that the Defendant has been defaulted this 19 day of JANUARY, 2005.

                                          TONY ANASTAS, CLERK

                                          /s/ Elizabeth Smith
                           By:   _____
                                          Deputy Clerk

Notice mailed to:
Patrick Loftus
NER Construction Mgt.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ACADIA INSURANCE COMPANY, as
Subrogee of St. Paul Street, LLC

        Plaintiff

v.

NER CONSTRUCTION MGMT., INC.

        Defendant

CIVIL ACTION NO.
04-12557-WGY

**JURY TRIAL DEMANDED**

**AFFIDAVIT OF PATRICK J. LOFTUS, III, ESQUIRE
SHOWING CAUSE FOR NOT FILING A DEFAULT MOTION**

I, PATRICK J. LOFTUS, III., being a competent adult, hereby states the following under the penalties of perjury:

1. I am the attorney for Plaintiff in the above-captioned case and I am personally responsible for the care and management of this matter and, accordingly, I am fully familiar with the facts and circumstances of this case.

2. This action involves a claim for property damage suffered as a result of a fire that occurred at plaintiff's insured's premises on January 31, 2004. The fire ignited flammable materials which were being stored by defendant NER in the basement, without the permission of Plaintiff's insured, and quickly spread throughout the Property.

3. A Summons and Complaint was filed on December 7, 2004.

4. Defendant was properly served with the Summons and Complaint on December 10, 2004.

5. Shortly after the Complaint was served on defendant I received a telephone call from Teresa Huber, of RSUI Group, defendant's insurer, requesting an extension of time to answer the Complaint.

6. A thirty (30) day extension to answer the Complaint was given at that time.

7. Despite numerous attempts to contact Ms. Huber after the extension was granted, I did not receive any response.

8. On April 14, 2005 I received a telephone message from Ms. Huber in response to my previous calls without any information other than she was returning my call

9. On April 19, 2005, Ms. Huber left me another message and stated the claim was still under review by RSUI.

10. On May 11, 2005, Ms. Huber left me a voice-mail message stating that RSUI was denying our claim against defendant and would be notifying defendant by certified mail.

11. As plaintiff had granted an extension of time to answer the Complaint as a courtesy, plaintiff had not filed its Motion for Default Judgment within the 30 days as required by the Standing Order entered on January 19, 2005.

12. Defendant NER, has not acted in good faith after receiving an extension, and therefore, plaintiff must now file its Motion for a Default Judgment.

Respectfully submitted,

*Patrick J. Loftus, III*

Patrick J. Loftus, III, Esquire
9 Park Street, Suite 500
Boston, MA 02108
617-723-7770

Date: May 11, 2005

Co-Counsel
Robert M. Caplan, Esquire
Daniel J. Luccaro, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
(215) 665-2000

Attorneys for Plaintiff

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ACADIA INSURANCE COMPANY, as Subrogee of St. Paul Street, LLC | : : : |
| Plaintiff<br>v. | : CIVIL ACTION NO.<br>: 04-12557-WGY<br>: |
| NER CONSTRUCTION MGMT., INC. | : : |
| Defendant | : : |

### AFFIDAVIT OF BENJAMIN SPIKE

STATE OF MAINE              )
                            )ss:
COUNTY OF                   )

Benjamin Spike, being duly sworn, deposes and says:

1. I am a property adjuster for Acadia Insurance Company.

2. I make this Affidavit in support of plaintiff's application for entry of a default judgment against defendant.

3. I have personal knowledge the facts contained herein.

4. Pursuant to policy number CIM0089717, Acadia Insurance Company provided property insurance to St. Paul Street, LLC, for damage to its condominium construction project on St. Paul Street in Brookline, Massachusetts.

5. On or about January 31, 2004, a fire occurred causing substantial damage to St. Paul Street's property.

6.  Pursuant to the terms of the above-referenced insurance policy, Acadia Insurance Company has reimbursed St. Paul Street $999,704.64 in connection with this loss. Proof of this payment is attached hereto.

7.  The adjustment of this claim is still ongoing and Acadia expects it may owe an additional $250,000 to $500,000.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information and belief, that the amount claimed is justly due and owing to the plaintiff; that no part thereof has been paid.

Dated: June 23, 2005

BY: _____
BENJAMIN SPIKE
Authorized Representative of Acadia
Insurance Company

Sworn to and subscribed
before me this 23 day
of June, 2005.

_Becky Laughlin_
NOTARY PUBLIC