UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ACADIA INSURANCE COMPANY, as Subrogee of St. Paul Street, LLC<br><br>Plaintiff<br>v.<br><br>NER CONSTRUCTION MGMT., INC.<br><br>Defendant | CIVIL ACTION NO.<br>04-12557-WGY |

### PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S ORDER DENYING THE DEFAULT JUDGMENT

Plaintiff, Acadia Insurance Company ("Acadia"), as subrogee of St. Paul Street, LLC, hereby respectfully requests the Court to reconsider its order denying Plaintiff's Motion for Default Judgment as follows:

1. In response to Plaintiff's Motion for a Default Judgment, which was filed with this Honorable Court more than 7 months after defendant was properly served with the Complaint, defendant has taken the position that default should not be entered against it because its insurer failed to file an answer on its behalf.

2. On July 6, 2005 the Court entered an Order, without opposition, denying Plaintiff's Motion for Default Judgment and granting defendant's Motion to Set Aside the Default.

3. Despite the Court's actions, defendant admits that it was properly and timely served with the Complaint and the matter was turned over to NER's liability insurer, RSUI Group.

4. Counsel for defendant, Attorney Bletzer, claims that he was not provided with any of the court filings, as he requested in his letter dated April 1, 2004, however, plaintiff had no obligation to provide Attorney Bletzer with any of these filings.

5. All filings were properly served on the defendant. Attorney Bletzer never entered an appearance in this case on behalf of NER, nor did he indicate that he would accept service on behalf of NER.

6. Moreover, NER's liability insurer contacted plaintiff's counsel after being forwarded a copy of the Complaint to discuss the case and to request an extension. Accordingly, plaintiff had no reason to continue to communicate with Attorney Bletzer.

7. The assertion that Attorney Bletzer was not provided with the pleadings or notified of the default is irrelevant to the fact that NER never responded to the complaint within the time prescribed by the Federal Rules or within the additional time obtained through an extension.

8. NER was on timely notice of the lawsuit and had more than 7 months to respond, but failed to do so.

9. Attorney Bletzer alleges that the NER's insurer, RSUI, denied coverage without providing him with any notice. This is an improper basis to grant a motion to set aside a default because NER had knowledge of its insurer's decision.

10. Plaintiff is not privy to any communication between NER and its liability insurer, however, if there was a denial of coverage or refusal to provide a defense, then RSUI would have been obligated to notify NER. Accordingly, NER was on notice that its insurer would not be filing an Answer on its behalf. Whether NER chose to notify Attorney Bletzer of this covered decision is irrelevant to the default issues.

11. Regardless of NER's liability insurer's conduct, NER, not its insurer, is the defendant in this litigation. Ultimately, it is NER's responsibility to ensure that it responds to a Complaint filed against it in accordance of the Federal Rules.

12. If NER wishes to bring a bad faith claim or other coverage against its insurer, it may do so in a separate action.

13. Defendant has still failed to provide any sufficient justification for its failure to answer other than inadvertence.

14. The Federal Rules of Civil Procedure set strict deadlines for responding to Complaints in order to ensure that plaintiffs can expediently litigate their claims. If defendant is permitted to answer at this late date, the Federal Rules of Civil Procedure will be rendered meaningless.

15. Contrary to defendant's assertion, plaintiff has been severely prejudiced by defendant's failure to answer. More than 7 months have passed since the time of service on defendant and plaintiff's ability to effectively litigate this devastating fire case has been adversely affected by this delay, including but not limited to witness recollection and availability, scene impairment and the general passage of time.

16. If defendant is permitted to file an answer at this late date, it will actually have profited from its delay to the severe disadvantage and prejudice of the plaintiff. The passage of time cannot be cured at this late date.

WHEREFORE, plaintiff, Acadia Insurance Company, as Subrogee of St. Paul Street, LLC, respectfully requests that the default of defendant NER Construction Management, LLC, be reinstated and that Judgment be entered in favor of plaintiff and against defendant in the

amount of $999,704.64, plus appropriate interest and costs. Plaintiff respectfully requests oral argument on this issue.

Dated: 7/7, 2005

                                                  Respectfully submitted,

                                                  Patrick J. Loftus, III, Esquire
                                                  9 Park Street, Suite 500
                                                  Boston, MA 02108
                                                  617-723-7770

Co-Counsel
Robert M. Caplan, Esquire
Daniel J. Luccaro, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
(215) 665-2000
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I, Patrick J. Loftus, III, Esquire, do hereby certify that on this __8th__ day of __July__ 2005, I served a true and correct copy of plaintiff's Reply to Defendant's Opposition to Motion for Default Judgment via first class U.S. mail, postage prepaid, upon the following:

Conrad J. Bletzer, Jr.
Bletzer & Bletzer P.C.
300 Market Street
Brighton, MA 02135

_Patrick J. Loftus_
Patrick J. Loftus, III, Esquire