UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ACADIA INSURANCE COMPANY, as Subrogee of St. Paul Street, LLC<br><br>Plaintiff<br>v.<br><br>NER CONSTRUCTION MGMT., INC.<br><br>Defendant | CIVIL ACTION NO.<br>04-12557-WGY |

### AFFIDAVIT OF ROBERT M. CAPLAN, ESQUIRE

I, Robert M. Caplan, do depose and state the following under the penalties of perjury.

1. I am employed and a member of the law firm of Cozen O'Connor, 1900 Market Street, The Atrium, Third Floor, Philadelphia, Pennsylvania.

2. I am a permanent resident of the Commonwealth of Pennsylvania and reside at 121 Scarlet Drive, Conshohocken, Pennsylvania.

3. I am making this Affidavit in support of an application to be admitted pro hac vice as counsel for the plaintiff, Acadia Insurance Company as subrogee of St. Paul Street, LLC.

4. I am a member of the Bar of the Commonwealth of Pennsylvania and have been licensed to practice before the Supreme Court of Pennsylvania at all times subsequent to November 17, 1989, and I am presently a member in good standing of this Bar. (See Exhibit A)

5. I am a member of the Bar of the State of New Jersey and have been licensed to practice before the Supreme Court of this State and at all times subsequent to December 1, 1998, and I am presently a member in good standing of this Bar.

6. I am also admitted to practice before the United States District Courts for the Eastern, Middle and Western Districts of Pennsylvania, the United States District Court for the District Court of New Jersey and the U.S. Courts of Appeals for the Third, Fourth, Sixth and Eighth Circuits and the United States Supreme Court.

7. No disciplinary proceedings or criminal charges of any kind have ever been instituted against me in the Commonwealth of Pennsylvania, the State of New Jersey, or any other state.

8. This is a subrogation case, and my client in this case is Acadia Insurance Company as subrogee of St. Paul Street, LLC.

9. Since being engaged by plaintiff and its subrogees in this matter, I have coordinated our client's investigation in this case, and have taken all of the necessary steps to see that proper service of the defendants and discovery in this case is promptly scheduled and completed.

10. The nature of this action involves complex legal and factual issues in a specialized field of law in which I have developed considerable skill and expertise, and I believe that my participation in this case, and the continued participation of my firm in this case, will expedite the conclusion of this case rather than delay it.

11. There has been an attorney-client relationship between my firm and the plaintiff, Acadia Insurance Company as subrogee of St. Paul Street, LLC, for an extended period of time.

12. If the Court, in its discretion, allows my Motion to Appear Pro Hac Vice in the above-captioned matter, I will represent my client in this proceeding until the final determination thereof, and with reference to all matters, incidents, or proceedings, I agree that I shall comply with and be subject to the Orders of this Court.

13. I further agree to be amenable to any disciplinary action and the civil jurisdiction of this Court and the State Bar of the Commonwealth of Massachusetts.

14. I have associated and have personally appearing with me in these proceedings Patrick J. Loftus, III, who is duly and legally admitted to practice in the Commonwealth of Massachusetts, and upon whom service may be had in all matters connected with the above-captioned case and/or in any disciplinary matter arising out of the same, with the same effect as if personally made on me within the Commonwealth of Pennsylvania.

I certify that all of the foregoing statements made by me are true, and I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
ROBERT M. CAPLAN, ESQUIRE

Sworn to and Subscribed
before me this ___ day
of _____, 2005.

_____
Notary Public

NOTARIAL SEAL
DENISE M. PAGANO, NOTARY PUBLIC
PHILADELPHIA CITY, COUNTY OF PHILADELPHIA
MY COMMISSION EXPIRES AUGUST 7, 2005

5