UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Acadia Insurance Company,** ) | Civil Action No. 04-12557-WGY |
| as Subrogee of St. Paul Street, LLC ) | |
| **Plaintiff** ) | |
| ) | |
| v. ) | **DECLARATION OF** |
| ) | **ATTORNEY CONRAD J.** |
| ) | **BLETZER, JR.** |
| **NER Construction Management, Inc.** ) | |
| **Defendant** | |

I, Attorney Conrad J. Bletzer, Jr., declare that the following statements are true and correct:

1. I am a partner in the law firm of Bletzer and Bletzer PC, counsel for the Defendant, NER Construction Management, Inc. in this action, and I am duly admitted and in good standing with the Massachusetts and Federal Bar.

2. I was retained by the Defendant, NER Construction Management, Inc. with regard to this matter on July 5, 2005, to respond to the Plaintiff's Motion for Default Judgment on this case. I prepared an answer that day and filed it with the Court.

3. Judge Young, on July 7, 2005, in his decision granting [9] Motion to Set Aside Default indicated: THE DEFENDANT SHALL, WITHIN 30 DAYS OF THE DATE OF THIS ORDER, SUBMIT EVIDENTIARY MATERIALS SUCH AS AFFIDAVITS AND THE LIKE, DETAILING THE PRECISE GROUNDS FOR EVERY DEFENSE IT WISHES TO RAISE.

4.  In attempting to comply with Judge Young's order, I was able to obtain from Suffolk Construction Company, Inc., a copy of the contract between St. Paul Street, LLC, and Suffolk Construction Company, Inc., the general contract which governs the construction project which is the subject of this action . The contract, in pertinent part, contained in AIA Document A111 (1997) a waiver of subrogation as follows:

> 11.4.7 **Waivers of Subrogation**. The Owner and Contractor waive all rights against (1) each other and any of their subcontractors, sub-subcontractors, agents and employees, each of the other, and (2) the Architect, Architect's consultants, separate contractors described in Article 6, if any, and any of their subcontractors, sub-subcontractors, agents and employees, for damages caused by fire or other causes of loss to the extent covered by property insurance obtained pursuant to this Paragraph 11.4 or other property insurance applicable to the Work, except such rights as they have to proceeds of such insurance held by the Owner as fiduciary. The Owner or Contractor, as appropriate, shall require of the Architect, Architect's consultants, separate contractors described in Article 6, if any, and the subcontractors, sub-subcontractors, agents and employees of any of them, by appropriate agreements, written where legally required for validity, similar waivers each in favor of other parties enumerated herein. The policies shall provide such waivers of subrogation by endorsement or otherwise. A waiver of subrogation shall be effective as to a person or entity even though that person or entity would otherwise have a duty of indemnification, contractual or otherwise, did not pay the insurance premium directly or indirectly, and whether or not the person or entity had an insurable interest in the property damaged.

A true and accurate copy of the contract is attached hereto, marked "A" and incorporated herein.

5.  This Waiver of Subrogation paragraph provides a complete defense to the Defendant in this action.

6.  I have attached hereto, marked "B", a copy of the decision of this Court, Lasker, J. in civil action number 03 –CV-10689-MEL. That case is very similar to the

case at bar. Suffolk Construction Co., Inc. was the general contractor on a job. A subcontractor installing a fire sprinkler system negligently caused damages to the premises. The insurer paid damages to the general contractor as a result of that negligence and sued the subcontractor as subrogee. The contract between the owner and general contractor involved the same general contractor as in the case at bar and contained the identical Waivers of Subrogation provision shown above. The subcontractor filed a motion for Judgment on the Pleadings and/or Summary Judgment, based on the waiver of subrogation. That motion was allowed by the court in the attached decision. Of particular significance is footnote 1 on page 5, which makes it crystal clear that a claim by the owner's insurance company as subrogee against a subcontractor is "unambiguously barred by the Waivers of Subrogation provision".

7. The claim in the case at bar is by the Plaintiff, Acadia Insurance Company, as subrogee of the owner of the project, St. Paul Street, LLC against the Defendant, NER, a subcontractor on the project to reimburse itself for monies paid to the owner as a result of a fire on the premises alleged to have been caused by the negligence of the Defendant. Such a claim is unambiguously barred by the language of the Waivers of Subrogation clause, 11.4.7 shown above.

8. The Defendant, NER Construction Management, Inc (NER) requested that Robson Forensic determine the responsibilities of NER with regard to the fire and to materials at the site that are alleged to have been a factor in the fire.

9..     Filed herewith are the affidavits of David C. Cowen, a registered architect and expert in matters relating to construction and Mark D. Sullivan an expert regarding the cause and spread of fires. These expert affidavits set forth in detail additional defenses to the complaint. The complaint alleges negligence and breach of warranties counts. These affidavits and the affidavit of Mark Brown, a safety expert employed by the Defendant, filed herewith, set forth the reasons why the Defendant was not negligent and did not breach any warranties.

.

Signed under the pains and penalties of perjury this 4th day of August 2005.

_____
Conrad J. Bletzer, Jr.

*NER-All Cases*

*Affidavit of Conrad J Bletzer JR*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CLERK'S NOTICE

This document can not be scanned due to its size, or the way in which it was bound.

The original is available for viewing in the Clerk's Office.