UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Acadia Insurance Company,**<br>**as Subrogee of St. Paul Street, LLC**<br>**Plaintiff**<br><br>v.<br><br>**NER Construction Management, Inc.**<br>**Defendant** | Civil Action No. 04-12557-WGY<br><br><br>**DEFENDANT's MOTION**<br>**FOR LEAVE OF COURT**<br>**TO AMEND ANSWER** |

Defendant, NER Construction Management, Inc., (NER), pursuant to Fed. R. Civ. P. 15(a) and L.R. 7.1(B), moves for leave of court to amend its Answer and Counterclaim to delete the First, Sixth and Seventh Affirmative Defenses and to add as a First Affirmative Defense the affirmative defense of waiver. As grounds therefore, NER states:

1.    Attorney Conrad J. Bletzer Jr. was retained by the Defendant, NER Construction Management, Inc. with regard to this matter on July 5, 2005, to respond to the Plaintiff's Motion for Default Judgment on this case. He prepared an answer that day and filed it with the Court.

2.    Judge Young, in his decision granting [9] Motion to Set Aside Default indicated: THE DEFENDANT SHALL, WITHIN 30 DAYS OF THE DATE OF THIS ORDER, SUBMIT EVIDENTIARY MATERIALS SUCH AS AFFIDAVITS AND THE LIKE, DETAILING THE PRECISE GROUNDS FOR EVERY DEFENSE IT WISHES TO RAISE.

3. In attempting to comply with Judge Young's order, Attorney Bletzer was able to obtain from Suffolk Construction Company, Inc., a copy of the contract between St. Paul Street, LLC, and Suffolk Construction Company, Inc., which governs the construction project which is the subject of this action. The contract, in pertinent part, contained in AIA Document A111 (1997) a waiver of subrogation as follows:

> **11.4.7 Waivers of Subrogation.** The Owner and Contractor waive all rights against (1) each other and any of their subcontractors, sub-subcontractors, agents and employees, each of the other, and (2) the Architect, Architect's consultants, separate contractors described in Article 6, if any, and any of their subcontractors, sub-subcontractors, agents and employees, for damages caused by fire or other causes of loss to the extent covered by property insurance obtained pursuant to this Paragraph 11.4 or other property insurance applicable to the Work, except such rights as they have to proceeds of such insurance held by the Owner as fiduciary. The Owner or Contractor, as appropriate, shall require of the Architect, Architect's consultants, separate contractors described in Article 6, if any, and the subcontractors, sub-subcontractors, agents and employees of any of them, by appropriate agreements, written where legally required for validity, similar waivers each in favor of other parties enumerated herein. The policies shall provide such waivers of subrogation by endorsement or otherwise. A waiver of subrogation shall be effective as to a person or entity even though that person or entity would otherwise have a duty of indemnification, contractual or otherwise, did not pay the insurance premium directly or indirectly, and whether or not the person or entity had an insurable interest in the property damaged.

A copy of the contract is attached to the Declaration of Attorney Conrad J. Bletzer, Jr., marked "A" and incorporated herein.

4. This Waiver of Subrogation paragraph provides a complete defense to the Defendant in this action.

5.  I have attached to the Declaration of Attorney Conrad J. Bletzer, Jr., marked "B", a copy of the decision of this Court, Lasker, J. in civil action number 03 – CV-10689-MEL. That case is very similar to the case at bar. Suffolk Construction Co., Inc. was the general contractor on a job. A subcontractor installing a fire sprinkler system negligently caused damages to the premises. The insurer paid damages to the general contractor as a result of that negligence and sued the subcontractor as subrogee. The contract between the owner and general contractor involved the same general contractor as in the case at bar and contained the identical Waivers of Subrogation provision shown above. The subcontractor filed a motion for Judgment on the Pleadings and/or Summary Judgment, based on the waiver of subrogation. That motion was allowed by the court in the attached decision. Of particular significance is footnote 1 on page 5, which makes it crystal clear that a claim by the owner's insurance company as subrogee against a subcontractor is "unambiguously barred by the Waivers of Subrogation provision".

6.  Fed. R. Civ. P. 15(a) provides in pertinent part that "…a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." *Cf. Myrick v. GTE Main Street, Inc.* 73 F. Supp. 2d 94, 97 (D. Mass. 1999) (motion to amend answer to include an affirmative defense for failure to comply with administrative requirements allowed).

7.  A copy of the Amended Answer and Affirmative Defenses is attached hereto.

WHEREFORE, Defendant NER respectfully requests that the court grant it leave to amend its answer to assert, pursuant to Fed. R. Civ. P. 8(e), the affirmative defense of waiver.

NER CONSTRUCTION MANAGEMENT, INC.

By Its Attorney,

*[signature]*
_____
Conrad J. Bletzer Jr.
BLETZER & BLETZER P.C.
300 Market Street
Brighton, MA 02135
617.254.8900
BBO#045760

Dated: August 3, 2005

*NER-ACADIA*
*Defendant's Motion for Leave of Court to Amend Answer*

CERTIFICATE OF SERVICE

I, Conrad J. Bletzer Jr., hereby certify that I have forwarded a true copy of the Enclosed Defendant's Motion for Leave of Court to Amend Answer, Amended Answer and all documents in support thereof to the Plaintiff at the following address on this date, by United States mail.

Patrick J. Loftus III, Esquire
9 Park Street, Suite 500
Boston, MA 02108

Robert M. Caplan, Esquire
Daniel J. Luccaro, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19013

_____
Conrad J. Bletzer Jr.
BLETZER & BLETZER P.C.
300 Market Street
Brighton, MA 02135
617.254.8900
BBO#045760

Dated: August 4, 2005