UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ACADIA INSURANCE COMPANY )<br>as Subrogee of St. Paul Street, LLC )<br>　　Plaintiff )<br>)<br>v. )<br>)<br>NER CONSTRUCTION MGMT., INC. )<br>Defendant )<br>) | CIVIL ACTION NO. 04-12557 WGY |

Affidavit of Mark Brown

Now comes Mark Brown and swears under the pains and penalties of perjury that the following statements are made of his own personal knowledge and are true:

1. My name is Mark Brown and I am the corporate safety officer for the defendant, NER Construction Management, Inc. (NER). The Defendant, NER, has a valid defense to this complaint as they were not negligent, did not breach any warranties and did not contribute to or cause the fire in question.

2. I have a Bachelor of Science degree in Occupational Safety.

3. I have a number of certifications from OSHA in construction safety and the use of hazardous materials. I have taken courses on fire science, fire investigation and I have been trained to investigate accidents.

4. I have 10 years of experience working as a construction safety officer.

5. I responded to the scene of the fire which is complained of in the Plaintiff,s complaint within two days of the fire. I conducted a thorough investigation on site to determine what had occurred, whether NER was at fault and to determine the cause of the fire.

6. There were no NER personnel on the job site on the day of the fire.

7. NER did not store any flammable materials inside the building at the job site on the day of the fire.

8. The report of the Brookline Fire Department listed the cause on the fire as undetermined after investigation.

9. On the date of the fire there were no employees of NER Construction Management, Inc. present at the fire scene. On the date of the fire there were eight other companies employing separate tradesmen noted to be on site. These workers ranged from electricians, plumbers, drywall workers to general construction workers, in charge of maintaining heat in the building for the different operations. All of these types of contractors work with tools and equipment that will generally provide ignition sources as well as product that would be conducive to the spread of a fire, including equipment used for welding, torches used for cutting and soldering equipment. Photos as well as reports

show that there were salamander type heaters operating in and around the area of origin (basement) of the fire. These salamanders and other heaters were provided by either the General Contractor or one of the other Subcontractors and were not provided or maintained by NER. This early morning hour would be the best time for refueling of these heaters, a prime time for accidental ignition of combustible items. The basement of this project was used to store construction materials of all types by various subcontractors that could contribute to the spread of the fire.

10.. My investigation revealed that NER was not negligent in the performance of their duties at the site and did not cause or contribute to the fire in question.

11. All of the allegations contained in paragraph 16, 17, 18 and 19 are false.

12. No permit was required to store any of the materials stored on the job site by NER.

13. The General Contractor on the job site, Suffolk Construction Co., Inc. is responsible for providing adequate safety rules and regulations on the job site and for policing these safety rules and regulations. NER did observe these safety rules and regulations on the job site and provided adequate training to its employees on safety rules and regulations.

14. All NER employees on the job site were trained in the proper handling and storage of materials.

15. It is my opinion that the fire in question was started by one of the tradesmen on site on the date of the fire, probably while using equipment which produced an ignition source.

Signed on the pains and penalties of perjury this 2nd day of August, 2005.

Mark Brown