**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

**ACADIA INSURANCE COMPANY**
**as Subrogee of St. Paul Street, LLC**
**1 Acadia Commons**
**Westbrook, ME 04908**
**Plaintiff**

**v.**

**NER CONSTRUCTION MGMT., INC.**
**867 Woburn Street**
**Wilmington, MA 01887**
**Defendant**

**CIVIL ACTION NO. 04-12557 WGY**

**AMENDED ANSWER AND AFFIRMATIVE DEFENSES**

Now come the defendant in the above referenced matter and hereby answer the complaint as follows:

**PARTIES**

1. The Defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2. The Defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 2.

3. The Defendant admits that it is a Massachusetts Corporation with a principal place of business located at 867 Woburn Street in Wilmington, Massachusetts and at all times material to the complaint was engaged in the business of construction management. The Defendant denies the rest of the allegations contained in Paragraph 3.

**JURISDICTION AND VENUE**

4. The Defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.

5. Admitted.

6. Admitted.

7. Denied.

8. Denied.

9. Denied.

10. The Defendant admits that on or about January 31, 2004 a fire erupted in the basement of one of the condominiums on the Property. The Defendant admits that the General Contractor was engaged in construction at the property at that time. No employees of the Defendant were on site or engaged in construction at the time of the fire.

11. Denied.

12. Denied.

13. The Defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

14. The Defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.

**COUNT I: NEGLIGENCE**

15. The defendant repeats its answers to the above allegations to the extent that a response to this allegation is required.

16. Denied as to every allegation in paragraph 16.

17. Denied.

## COUNT II: BREACH OF WARRANTIES

18. The defendant repeats its answers to the above allegations to the extent that a response to this allegation is required.

18(sic). Denied.

19. Denied.

## AFFIRMATIVE DEFENSES

### FIRSTAFFIRMATIVE DEFENSE

The Plaintiff has brought this action as subrogee of St. Paul Street, LLC to collect damages paid to St. Paul Street, LLC as a result of a claim of negligence and breach of warranty against the Defendant. The Plaintiff is only entitled to assert the rights of St. Paul Street, LLC against the Defendant. St. Paul Street, LLC, in its contract with Suffolk Construction Co., Inc., the general contract on the job, which controlled the rights of all parties, waived all rights against the Defendant for damages caused by fire or other causes of loss to the extent covered by property insurance. Pertinent portions of that contract waving these rights are attached hereto, marked "A" and incorporated herein. Therefore, any rights the Plaintiff had against the Defendant have been waived.

### SECOND AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by the plaintiff's failure to mitigate damages.

### THIRD AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred because the negligence of the plaintiff is greater than the negligence of the defendant.

## FOURTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by an absence of legal responsibility on the part of the defendant.

## FIFTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged were the result of the acts or omissions of a third party for whose conduct the defendant is not legally responsible.

## JURY DEMAND

The defendant hereby requests a trial by jury.

Respectfully submitted for the defendant,

by its attorney,

Conrad J. Bletzer, Jr.
Bletzer & Bletzer, P.C.
300 Market Street
Brighton, MA 02135
(617) 254-8900
BBO # 045760

Dated: July 5, 2005

z:NER/Acadia/Amended Answer.lwp



# Standard Form of Agreement Between Owner and Contractor where the basis for payment is the COST OF THE WORK PLUS A FEE with a negotiated Guaranteed Maximum Price

**AIA Document A111 - 1997**
**1997 Edition - Electronic Format**

---

This document has important legal consequences. Consultation with an attorney is encouraged with respect to its completion or modification. AUTHENTICATION OF THIS ELECTRONICALLY DRAFTED AIA DOCUMENT MAY BE MADE BY USING AIA DOCUMENT D401.

This document is not intended for use in competitive bidding.

AIA Document A201-1997, General Conditions of the Contract for Construction, is adopted in this document by reference.

This document has been approved and endorsed by The Associated General Contractors of America.

Copyright 1920, 1925, 1951, 1958, 1961, 1963, 1967, 1974, 1978, 1987, © 1997 by The American Institute of Architects. Reproduction of the material herein or substantial quotation of its provisions without written permission of the AIA violates the copyright laws of the United States and will subject the violator to legal p

---

**AGREEMENT** made as of the 16 day of April in the year **Two Thousand Three**
*(In words, indicate day, month and year)*

**BETWEEN** the Owner:
*(Name, address and other information)*
**St. Paul Street LLC**
**c/o Raymond Property Company LLC.**
**306 Dartmouth Street**
**Boston, MA 02116**

and the Contractor:
*(Name, address and other information)*
**Suffolk Construction Co., Inc.**
**65 Allerton Street**
**Boston, MA 02119**

The Project is:
*(Name and location)*
**St. Paul Street Residences**
**2 St. Paul Street**
**Brookline, MA**

The Architect is:
*(Name, address and other information)*
**Elkus/Manfredi Architects, Ltd.**
**530 Atlantic Avenue**
**Boston, MA 02210**

The Owner and Contractor agree as follows.

## ARTICLE 1 THE CONTRACT DOCUMENTS

The Contract Documents consist of this Agreement, Conditions of the Contract (General, Supplementary and other Conditions),

© AIA DOCUMENT A111 -OWNER - CONTRACTOR AGREEMENT - 1997 EDITION - AIA - COPYRIGHT 1997 - THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 NEW YORK AVENUE N.W., WASHINGTON, D.C. 20006-5292. WARNING: Unlicensed photocopying violates U.S. copyright laws and will subject the violator to legal prosecution. This document was electronically produced with permission of the AIA and can be reproduced without violation until the date of expiration as noted below. expiration as noted below. User Document: STPAUL -- 4/16/2003. AIA License Number 1002744, which expires on 3/6/2004.

**11.2.1** The Owner shall be responsible for purchasing and maintaining the Owner's usual liability insurance.

## 11.3 PROJECT MANAGEMENT PROTECTIVE LIABILITY INSURANCE

**11.3.1** ~~Optionally, the Owner may require the Contractor to purchase and maintain Project Management Protective Liability insurance from the Contractor's usual sources as primary coverage for the Owner's, Contractor's and Architect's vicarious liability for construction operations under the Contract. Unless otherwise required by the Contract Documents, the Owner shall reimburse the Contractor by increasing the Contract Sum to pay the cost of purchasing and maintaining such optional insurance coverage, and the Contractor shall not be responsible for purchasing any other liability insurance on behalf of the Owner. The minimum limits of liability purchased with such coverage shall be equal to the aggregate of the limits required for Contractor's Liability Insurance under Clauses 11.1.1.2 through 11.1.1.5.~~

**11.3.2** ~~To the extent damages are covered by Project Management Protective Liability insurance, the Owner, Contractor and Architect waive all rights against each other for damages, except such rights as they may have to the proceeds of such insurance. The policy shall provide for such waivers of subrogation by endorsement or otherwise.~~

**11.3.3** ~~The Owner shall not require the Contractor to include the Owner, Architect or other persons or entities as additional insureds on the Contractor's Liability Insurance coverage under Paragraph 11.1.~~

## 11.4 PROPERTY INSURANCE

**11.4.1** Unless otherwise provided, the Owner shall purchase and maintain, in a company or companies lawfully authorized to do business in the jurisdiction in which the Project is located, property insurance written on a builder's risk "all-risk" or equivalent policy form in the amount of the initial Contract Sum, plus value of subsequent Contract modifications and cost of materials supplied or installed by others, comprising total value for the entire Project at the site on a replacement cost basis without optional deductibles. Such property insurance shall be maintained, unless otherwise provided in the Contract Documents or otherwise agreed in writing by all persons and entities who are beneficiaries of such insurance, until final payment has been made as provided in Paragraph 9.10 or until no person or entity other than the Owner has an insurable interest in the property required by this Paragraph 11.4 to be covered, whichever is later. This insurance shall include interests of the Owner, the Contractor, Subcontractors and Sub-subcontractors in the Project.

**11.4.1.1** Property insurance shall be on an "all-risk" or equivalent policy form and shall include, without limitation, insurance against the perils of fire (with extended coverage) and physical loss or damage including, without duplication of coverage, theft, vandalism, malicious mischief, collapse, earthquake, flood, windstorm, falsework, testing and startup, temporary buildings and debris removal including demolition occasioned by enforcement of any applicable legal requirements, and shall cover reasonable compensation for Architect's and Contractor's services and expenses required as a result of such insured loss.

**11.4.1.2** If the Owner does not intend to purchase such property insurance required by the Contract and with all of the coverages in the amount described above, the Owner shall so inform the Contractor in writing prior to commencement of the Work. The Contractor may then effect insurance which will protect the interests of the Contractor, Subcontractors and Sub-subcontractors in the Work. and by appropriate Change Order the cost thereof shall be charged to the Owner. If the Contractor is damaged by the failure or neglect of the Owner to purchase or maintain insurance as described above, without so notifying the Contractor in writing, then the Owner shall bear all reasonable costs properly attributable thereto.

**11.4.1.3** If the property insurance requires deductibles, the Owner shall pay costs not covered because of such deductibles.

**11.4.1.4** This property insurance shall cover portions of the Work stored off the site, and also portions of the Work in transit.

<u>Insert AI: 11.4.1.4.1 The Owner shall have power to adjust and settle a builder's risk loss with insurers, but shall not settle such loss without Contractor's consent, which shall not be unreasonably withheld delayed or conditioned.</u>

**11.4.1.5** Partial occupancy or use in accordance with Paragraph 9.9 shall not commence until the insurance company or companies providing property insurance have consented to such partial occupancy or use by endorsement or otherwise. The Owner and the Contractor shall take reasonable steps to obtain consent of the insurance company or companies and shall, without mutual written consent, take no action with respect to partial occupancy or use that would cause cancellation, lapse or reduction of

© AIA DOCUMENT A201-GENERAL CONDITIONS OF THE CONTRACT FOR CONSTRUCTION - 1997 EDITION - AIA - COPYRIGHT 1997 - THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 NEW YORK AVENUE N.W., WASHINGTON, D.C. 20006-5292. WARNING: Unlicensed photocopying violates U.S. copyright laws and will subject the violator to legal prosecution. This document was electronically produced with permission of the AIA and can be reproduced without violation until the date of expiration as noted below. expiration as noted below. User Document: STPAUL201 -- 4/16/2003. AIA License Number 1002744, which expires on 3/6/2004.

insurance.

**11.4.2 Boiler and Machinery Insurance.** The Owner shall purchase and maintain boiler and machinery insurance required by the Contract Documents or by law, which shall specifically cover such insured objects during installation and until final acceptance by the Owner; this insurance shall include interests of the Owner, Contractor, Subcontractors and Sub-subcontractors in the Work, and the Owner and Contractor shall be named insureds.

**11.4.3 Loss of Use Insurance.** The Owner, at the Owner's option, may purchase and maintain such insurance as will insure the Owner against loss of use of the Owner's property due to fire or other hazards, however caused. The Owner waives all rights of action against the Contractor for loss of use of the Owner's property, including consequential losses due to fire or other hazards however caused.

**11.4.4** If the Contractor requests in writing that insurance for risks other than those described herein or other special causes of loss be included in the property insurance policy, the Owner shall, if possible, include such insurance, and the cost thereof shall be charged to the Contractor by appropriate Change Order.

**11.4.5** If during the Project construction period the Owner insures properties, real or personal or both, at or adjacent to the site by property insurance under policies separate from those insuring the Project, or if after final payment property insurance is to be provided on the completed Project through a policy or policies other than those insuring the Project during the construction period, the Owner shall waive all rights in accordance with the terms of Subparagraph 11.4.7 for damages caused by fire or other causes of loss covered by this separate property insurance. All separate policies shall provide this waiver of subrogation by endorsement or otherwise.

**11.4.6** Before an exposure to loss may occur, the Owner shall file with the Contractor a copy of each policy that includes insurance coverages required by this Paragraph 11.4. Each policy shall contain all generally applicable conditions, definitions, exclusions and endorsements related to this Project. Each policy shall contain a provision that the policy will not be canceled or allowed to expire, and that its limits will not be reduced, until at least 30 days' prior written notice has been given to the Contractor.

**11.4.7 Waivers of Subrogation.** The Owner and Contractor waive all rights against (1) each other and any of their subcontractors, sub-subcontractors, agents and employees, each of the other, and (2) the Architect, Architect's consultants, separate contractors described in Article 6, if any, and any of their subcontractors, sub-subcontractors, agents and employees, for damages caused by fire or other causes of loss to the extent covered by property insurance obtained pursuant to this Paragraph 11.4 or other property insurance applicable to the Work, except such rights as they have to proceeds of such insurance held by the Owner as fiduciary. The Owner or Contractor, as appropriate, shall require of the Architect, Architect's consultants, separate contractors described in Article 6, if any, and the subcontractors, sub-subcontractors, agents and employees of any of them, by appropriate agreements, written where legally required for validity, similar waivers each in favor of other parties enumerated herein. The policies shall provide such waivers of subrogation by endorsement or otherwise. A waiver of subrogation shall be effective as to a person or entity even though that person or entity would otherwise have a duty of indemnification, contractual or otherwise, did not pay the insurance premium directly or indirectly, and whether or not the person or entity had an insurable interest in the property damaged.

**11.4.8** A loss insured under Owner's property insurance shall be adjusted by the Owner as fiduciary and made payable to the Owner as fiduciary for the insureds, as their interests may appear, subject to requirements of any applicable mortgagee clause and of Subparagraph 11.4.10. The Contractor shall pay Subcontractors their just shares of insurance proceeds received by the Contractor, and by appropriate agreements, written where legally required for validity, shall require Subcontractors to make payments to their Sub-subcontractors in similar manner.

**11.4.9** If required in writing by a party in interest, the Owner as fiduciary shall, upon occurrence of an insured loss, give bond for proper performance of the Owner's duties. The cost of required bonds shall be charged against proceeds received as fiduciary. The Owner shall deposit in a separate account proceeds so received, which the Owner shall distribute in accordance with such agreement as the parties in interest may reach, or in accordance with an arbitration award in which case the procedure shall be as provided in Paragraph 4.6. If after such loss no other special agreement is made and unless the Owner terminates the Contract for convenience, replacement of damaged property shall be performed by the Contractor after notification of a Change in the Work in

© AIA DOCUMENT A201-GENERAL CONDITIONS OF THE CONTRACT FOR CONSTRUCTION - 1997 EDITION - AIA - COPYRIGHT 1997 - THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 NEW YORK AVENUE N.W., WASHINGTON, D.C. 20006-5292. WARNING: Unlicensed photocopying violates U.S. copyright laws and will subject the violator to legal prosecution. This document was electronically produced with permission of the AIA and can be reproduced without violation until the date of expiration as noted below. expiration as noted below. User Document: STPAUL201 -- 4/16/2003. AIA License Number 1002744, which expires on 3/6/2004.