UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 OCT -7 P 2: 33

| | |
|---|---|
| Acadia Insurance Company,  ) | Civil Action No. 04-12557-WGY |
| as Subrogee of St. Paul Street, LLC  ) | DISTRICT OF MASS. |
| Plaintiff  ) | |
|   ) | |
| v.  ) | |
|   ) | |
|   ) | |
| NER Construction Management, Inc.  ) | |
| Defendant  ) | |

### DEFENDANT, NER CONSTRUCTION MANAGEMENT, INC.'S, MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR FOR SUMMARY JUDGMENT

Defendant, NER Construction Management, Inc. [NER], pursuant to Fed.R.Civ.P. 12(c) and 56 and L.R. 7.1 (B) and 56.1, moves for judgment on the pleadings and/or for summary judgment on the grounds, *inter alia*, that there are no genuine issues as to any material fact and NER is entitled to summary judgment as a matter of law. As grounds therefore, defendant states:

    1. On April 16, 2003, St. Paul Street LLC [St. paul] entered into a contract with Suffolk Construction Co., Inc. [Suffolk] regarding the St. Paul Street Residences project in Brookline, Massachusetts. The defendant, NER, was hired as sub-contractor by Suffolk Construction Co., Inc. by written agreement on August 14, 2003.

    2. The contract between St. Paul and Suffolk, contained in AIA Document A201 (1997), reads, in pertinent part:

**11.4.7 Waivers of Subrogation**. The Owner and Contractor waive all rights against (1) each other and any of the subcontractors, sub-subcontractors, agents and employees, each of the other, and (2) the Architect, Architect's consultants, separate contractors described in Article 6, if any, and any of their subcontractors, sub-subcontractors, agents and employees for damages caused by fire or other causes of loss to the extent covered by property insurance obtained pursuant to this paragraph 11.4 or other property insurance applicable to the Work, except such rights as they have to proceeds of such insurance held by the Owner as fiduciary. The Owner or Contractor, as appropriate, shall require of the Architect, Architect's Consultants, separate contractors described in Article 6, if any, and the subcontractors, sub-subcontractors, agents and employees of any of them, by appropriate agreements, written where legally required for validity, similar waivers each in favor of other parties enumerated herein. The policies shall provide such waivers of subrogation by endorsement or otherwise. A waiver of subrogation shall be effective as to a person or entity even though that person or entity would otherwise have a duty of indemnification, contractual or otherwise, did not pay the insurance premium directly or indirectly, and whether or not the person or entity had an insurable interest in the property damaged.

A copy of the "Waivers of Subrogation" provision is attached hereto, marked exhibit "A" and incorporated herein.[1]

3. This action has been commenced by Acadia Insurance Company [Acadia], as subrogee of St. Paul, to recover monies it paid to St. Paul, as its insured, as a result of damages caused by a fire at the project on or about January 31, 2004.

4. By virtue of the waivers of subrogation provision cited above, St. Paul, and therefore, the plaintiff, expressly waived any rights against NER for damages.

These indisputable facts are established by the L.R. 56.1 Statement of Material Facts of Record as well as the pleadings which are specifically incorporated by reference herein, all of which is more specifically set forth in the memorandum of law submitted herewith.

---

[1] A copy of the provision was also attached and incorporated into defendant's amended answer in accordance with fed.R.Civ.P. 10(c).

WHEREFORE, defendant, NER, respectfully requests that the court grant it judgment dismissing the complaint.

### REQUEST FOR ORAL ARGUMENT

Defendant, pursuant to L.R. 7.1 (d) requests a hearing on this motion on the grounds that oral argument may be of assistance to the court in disposing this motion.

NER CONSTRUCTION MANAGEMENT, INC.
By Its Attorney,

_____
Conrad J. Bletzer Jr.
BLETZER & BLETZER P.C.
300 Market Street
Brighton, MA 02135
617.254.8900
BBO#045760

Dated: October 7, 2005