UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 OCT -7 P 2: 33

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| Acadia Insurance Company, ) | Civil Action No. 04-12557-WGY |
| as Subrogee of St. Paul Street, LLC ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| ) | |
| NER Construction Management, Inc. ) | |
| Defendant ) | |

### DEFENDANT, NER CONSTRUCTION MANAGEMENT, INC.'S, MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR SUMMARY JUDGMENT

### I. INTRODUCTION

This is a civil action commenced by the plaintiff, Acadia Insurance Company [Acadia], as subrogee of St. Paul Street LLC, against the defendant, NER Construction Management, Inc. [NER] seeking to recover amounts paid by Acadia to St. Paul Street LLC [St. Paul] for claims arising out of a fire at the St. Paul Street Residences project in Brookline, Massachusetts on January 31, 2004. St. Paul entered into a contract with Suffolk Construction Co., Inc. [Suffolk], as general contractor, for the work on the project on April 16, 2003 and Suffolk then hired NER as a subcontractor on August 14, 2003. Acadia was St. Paul's insurer for the project.

The defendant, NER, now moves, pursuant to Fed.R.Civ.P. 12 (c) and 56, for judgment on the pleadings and/or summary judgment[1] on the grounds, *inter alia*, that St.

---

[1] Fed.R.Civ.P. 12 (c) provides in pertinent part as follows:
   If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as on for summary judgment and disposed of as

Paul, in its contract with Suffolk, waived any claim against NER for damages arising out of the incident.

## II. UNDISPUTED FACTS

On or about April 16, 2003, St. Paul entered into a contract with Suffolk regarding work on the St. Paul Street Residences project in Brookline, Massachusetts. A copy of the contract is attached hereto, marked exhibit "A" and incorporated herein. On or about August 14, 2003, the defendant, NER, was hired as sub-contractor by Suffolk. On or about January 31, 2004, a fire started in the basement of one of the structures involved in the project. The cause of this fire is still unknown. At the time of the incident, on or about January 31, 2004, St. Paul had in force and effect a policy of insurance with the Acadia Insurance Company [Acadia]. As a result of the incident of January 31, 2004, Acadia paid St. Paul "in excess of $75,000.00" to reimburse St. Paul for damage to property involved in the project.

The above captioned action has been commenced by Acadia to recover amounts paid by it to St. Paul pursuant to the subject property insurance policy for claims rising as a result of the incident on January 31, 2004.

The contract between St. Paul and Suffolk provides, in pertinent part, as follows:

> **11.4.7 Waivers of Subrogation.** *The Owner and Contractor waive all rights against (1) each other and any of the subcontractors, sub-subcontractors, agents and employees, each of the other*, and (2) the Architect, Architect's consultants, separate contractors described in Article 6, if any, and any of their subcontractors, sub-subcontractors, agents and employees *for damages caused by fire or other causes of loss to the extent covered by property insurance obtained pursuant to this paragraph 11.4* or other property insurance applicable to the Work, except such rights as they have to proceeds of such insurance held by the Owner as fiduciary. The Owner or Contractor, as appropriate, shall require of the Architect, Architect's Consultants, separate contractors described in Article 6, if any, and the

---

provided in Rule 56, and all parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56.

subcontractors, sub-subcontractors, agents and employees of any of them, by appropriate agreements, written where legally required for validity, similar waivers each in favor of other parties enumerated herein. The policies shall provide such waivers of subrogation by endorsement or otherwise. A waiver of subrogation shall be effective as to a person or entity even though that person or entity would otherwise have a duty of indemnification, contractual or otherwise, did not pay the insurance premium directly or indirectly, and whether or not the person or entity had an insurable interest in the property damaged.
(emphasis supplied).

It is this clear and unambiguous language upon which NER grounds its motion.

### III. ISSUE

Whether, pursuant to Fed.R.Civ.P. 12 (c) and/or 56, NER is entitled to a summary judgment in that (i) St. Paul and, therefore, Acadia have waived subrogation rights, (ii) there are no genuine issues of material fact and (iii) NER is therefore entitled to judgment as a matter of law.

### IV. ARGUMENT

**A.    Standard.**

   *1.    Judgment on the Pleadings.*

A motion for judgment on the pleadings is a means of disposing of cases when the material facts are not in dispute and a judgment on the merits can be achieved by focusing on the content of the pleadings.[2] *See Tavares de Almeida v. Children's Museum*, 28 F. Supp. 2d 682 (D.Mass. 1998). A motion for judgment on the pleadings may be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that entitles him to relief. *See Petricca v. City of Gardner*, 194 F. Supp. 2d 1 (D. Mass 2002). Judgment on the pleadings in contract actions may be

---

[2] It is NER's position that, since it attached the pertinent subrogation provision to its amended answer as Ex. "A", (see Fed.R.Civ.P. 10 (c) a copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes), the motion may be treated as a motion for judgment on the pleadings.

appropriate when terms of the contract at issue are unambiguous. *See Twentieth Century Fox v. Marvel Enterprises*, 155 F. Supp. 2d 1, 15 (S.D.N.Y. 2001).

    2.    *Summary Judgment*

The role of summary judgment is "to pierce the pleadings and to assess proof in order to see whether there is a genuine need for trial." *Brigham v. U.S.* 983 F. Supp. 46, 47 (D.Mass. 1997) (quoting *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir. 1990)). Summary judgment is appropriate if, after reviewing the facts in the light most favorable to the non-moving party and drawing all justifiable inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See* Fed.R.Civ.P. 56(c); *M.Dematteo Cont. Co. v. Century Indem. Co.*, 182 F.Supp 2d 146 (D.Mass. 2001).

The purpose of summary judgment is not to deprive a litigant of a trial, but to avoid an unnecessary trial when only one outcome can ensue. *See Vivid Technologies, Inc. v. American Science Engineering, Inc.*, 200 F.3d 795 (C.A. Fed. (Mass.) 1999). In order to defeat this motion for summary judgment, the plaintiff must "establish the existence of an issue of fact which is both 'genuine' and 'material.'" *See Hahn v. Sargent*, 523 F.2d 461,464 (1st Cir. 1975). An issue is genuine only if the evidence manifesting the dispute is "'substantial'...going beyond the allegations of the complaint." *Id.* At 464 (citations omitted).

B.  **NER Is Entitled to Summary Judgment since St. Paul, and therefore Acadia, Expressly Waived Subrogation Rights.**

Construction of a contract is an appropriate matter for the courts to decide as a matter of law. *See Bank v. International Business Machines Corp.*, 145 F. 3d 420 (1st Cir. 1998). Under Massachusetts's law, interpretation of a contract is ordinarily a question of law for the court; should the court find the contract language unambiguous, it must interpret it according to its plain terms. *See, e.g. Agri-Mark, Inc. v. Niro, Inc.*, 233 F.Supp 2d 200 (D.Mass 2002) *Atwood v. Boston*, 35 Mass. App. Ct. 100, 107 n. 6, 616 N.E. 2d. 829, 834, n.6 (1993); *Lumber Mut. Ins. Co. v. Zoltek Corp.*, 419 Mass. 704, 706, 647 N.E. 2d 395, 396 (1995) (interpretation of written contract or lease is a question of law, not fact).

The language in the contract between St. Paul and Suffolk is clear and unambiguous. Under it, St. Paul, and therefore Acadia, "waived all rights against . . . any of the subcontractors . . . for damages caused by fire or other causes of loss to the extent covered by property insurance obtained pursuant to this paragraph 11.4 or other property insurance applicable to the work, except such rights as they have to the proceeds of such insurance held by the Owner as fiduciary period." This very issue and language has been visited by Massachusetts courts in the past.

In *Haemonetics Corp. v. Brophy & Phillips Co., Inc.*, an all risks insurer of the owner of premises sought to recover in subrogation from a general contractor and a subcontractor after fire destroyed part of the premise on which the construction project was underway. *See* 23 Mass. App. Ct. 254 (1986). After compensating the owner for its loss, the insurer, exercising its subrogation rights, pressed the claims of the owner against the contractor and the subcontractor. *See id* at 258. As here, however, the general

contract contained a waiver of subrogation. *See id.* In upholding the validity of the waiver provision and affirming summary judgment, the court stated as follows:

> "A waiver of subrogation is useful in such projects because it avoids disruption and disputes among the parties to the project. It thus eliminates the need for lawsuits, and yet protects the contracting parties from loss by bringing all property damage under the all risks builder's property insurance. *Citing Tokio Marine & Fire Ins. Co., Ltd. V. Employers Ins. Of Wausau,* 786 F.2d 101 at 104 (2d Cir. 1986) . . . It has the potential for avoiding litigation not only over the liability issues related to the fire or other cause of damage to the owner's property, but also over the issue whether the claimed loss is to the 'Work' or not. When the insurance company issued its policy, it contained a provision making specific reference to the possibility of a waiver by the owner of its subrogation rights. The result, therefore, should come as no surprise to the insurance company, the real party in interest."

*See Haemonetics Corp., supra,* at 258; see also *Mission National Ins. Co. v. Hartford Fire Ins. Co.,* 702 F.Supp. 543 (E.D. Penn. 1989) (property owner's all risks insurer did not have any right to subrogation or contribution from contractor's insurer); *A.S.W. Allstate Painting &Constr. Co, Inc. v. Lexington Ins. Co.,* 94 F.Supp. 2d 782 (W.D. Tx. 2000) (owner had no rights against contractor to which insurer could be subrogated).[3] The result should be no different here and the contract must be enforced as written.

This Court has also weighed in on the same language from the same AIA Document A201. The defendant has attached hereto, and marked "B", a copy of the decision of this Court, Lasker, J. in civil action number 03 –CV-10689-MEL. That case is very similar to the case at bar. Suffolk was the general contractor on that job. A subcontractor installing a fire sprinkler system negligently caused damages to the

---

[3] Similarly, under Massachusetts's law, a subrogee stands in the shoes of the subrogor in whose name the action is brought, and thus, an insurer's rights by subrogation are no greater than the rights of the insured. See *Liberty Mut. Ins. Co. v. National Consol. Warehouse, Ins.* 34 Mass. App. Ct. 293, 296, 609 N.E. 2d 1243, 1246 (1993); *Richmond Steel, Inc. v. Legal and General Assur. Soc., Ltd.,* 821 F. Supp. 793 (D. Puerto Rico 1993) (subrogated insurer stands in same position as subrogor insured; insurer cannot have rights greater than those of insured).

premises. The insurer paid damages to the general contractor as a result of that negligence and sued the subcontractor as subrogee. The contract between the owner and general contractor involved the same general contractor as in the case at bar and contained the *identical* Waivers of Subrogation provision shown above. The subcontractor filed a motion for Judgment on the Pleadings and/or Summary Judgment, based on the waiver of subrogation. That motion was allowed by the Court, Lasker, J. in the attached decision. Of particular significance is footnote 1 on page 5, which makes it clear that a claim by the owner's insurance company as subrogee against a subcontractor is "unambiguously barred by the Waivers of Subrogation provision".

The plaintiff, Acadia, knew, or should have known, that this clear and unambiguous language was a linchpin of St. Paul's contract with Suffolk. Acadia determined what the insurance premium was to be on this job with the clear fact present that St. Paul or Acadia would be unable to recover in certain situations covered by provision 11.4.7 "Waivers of Subrogation". This figured into the price of the insurance policy. Acadia now seeks to collect damages from NER, in clear violation of that provision, by filing a costly lawsuit. This activity is reckless and the lawsuit frivolous.

This manner of subrogation waiver is standard in the industry and the AIA Document A201 is a standard form. Acadia knew, or should have known, that the clear language in provision 11.4.7 "Waivers of Subrogation" did just that, it waived subrogation rights. Acadia knew that it had no recourse as regards NER but it filed suit in spite of this clear fact. This goes well beyond the boundaries of advocacy and into the realm of frivolous litigation.

The language of the 11.4.7 "Waivers of Subrogation" provision is clear and unambiguous. It precludes St. Paul or Acadia from seeking damages of this nature from NER. For this reason, a judgment for the defendant should enter on the pleadings or as summary judgment.

## V. CONCLUSION

For all the foregoing reasons, defendant NER respectfully requests that the Court, as a matter of law, enter an order for judgment dismissing the amended complaint against it and ward NER its attorney's fees and costs.

NER CONSTRUCTION MANAGEMENT, INC.
By Its Attorney,

_____
Conrad J. Bletzer Jr.
BLETZER & BLETZER P.C.
300 Market Street
Brighton, MA 02135
617.254.8900
BBO#045760

Dated: October 7, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CLERK'S NOTICE

This document can not be scanned due to its size, or the way in which it was bound.

The original is available for viewing in the Clerk's Office.